Filed 8/28/13  P. v. Strickland CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E058868 |
| v. | (Super.Ct.No. FWV05410) |
| ROBERT STRICKLAND, JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Leslie A. Rose, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant Robert Strickland, Jr., appeals from an order denying his petition for recall of his indeterminate life term, under Penal Code section 1170.126, subdivision (f).[1] We will affirm the order.

BACKGROUND[2]

Defendant was convicted in 1995 in San Bernardino County case No. FWV05410 of one count of second degree robbery (§ 211) and two counts of attempted second degree robbery (§§ 211, 664). A personal gun use allegation was found true as to each count. (§ 12022.5, subd. (a).) Two strike prior allegations were found true (§ 667, subds. (b)–(i)), as was a prior serious felony allegation (§ 667, subd. (a)(1)). On remand, following defendant's appeal in that case, the court sentenced defendant to a total indeterminate term of 89 years to life.[3]

_____

[1] All further statutory citations refer to the Penal Code.

[2] The underlying facts are not material to the issue we consider in this appeal.

[3] The record in the current case does not reflect that either the jury or the court found the strike prior allegations true. Pursuant to Evidence Code section 459, subdivision (d), we take judicial notice of the unpublished opinion in defendant's prior appeal, which states that the court made that finding. (*People v. Strickland* (Sept. 25, 1996, E016368) [nonpub. opn.].)

The record in this case shows that defendant was convicted on May 15, 1995, but not sentenced until January 23, 1998. In defendant's appeal from his conviction, we vacated his sentence and remanded the matter for resentencing. (*People v. Strickland*, E016368, *supra*.) Defendant's sentence was affirmed in his appeal following resentencing. (*People v. Strickland* (Dec. 10, 1998, E022304 [nonpub. opn.].)

On November 6, 2012, the electorate passed Proposition 36, also known as the Three Strikes Reform Act. Among other things, this ballot measure enacted section 1170.126, which permits persons currently serving an indeterminate life term under the three strikes law to file a petition in the sentencing court, seeking to be resentenced to a determinate term as a second striker. (§ 1170.126, subd. (f).) If the trial court determines, in its discretion, that the defendant meets the criteria of section 1170.126, subdivision (e), the court may resentence the defendant. (§ 1170.126, subds. (f), (g).) Section 1170.126, subdivision (e)(1) provides, as pertinent here, that a defendant is eligible for resentencing if he or she is "serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or subdivision (c) of Section 1170.12 for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7."

On February 10, 2013, defendant filed a petition for modification of his sentence pursuant to Proposition 36.

On May 6, 2013, the court denied the petition, finding that defendant's current offenses are both serious felonies and that the jury found true that defendant had personally used a firearm.

Defendant filed a timely notice of appeal.

## DISCUSSION

We appointed counsel to represent defendant on appeal. After examination of the record, counsel filed an opening brief raising no issues and asking this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant filed a supplemental brief, which we have considered.

We have independently examined the record and have found no arguable issues. Robbery is a violent felony. (§ 667.5, subd. (c)(9).) Robbery and attempted robbery with the personal use of a firearm are serious felonies. (§ 1192.7, subd. (c)(8).) Accordingly, defendant is not eligible for resentencing pursuant to section 1170.126, subdivision (f). We are satisfied that defendant's attorney has fully complied with her responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109-110; *People v. Wende*, *supra*, 25 Cal.3d at p. 441.)

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER_____
J.

We concur:


HOLLENHORST_____
Acting P. J.


MILLER_____
J.

4